UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOLOMON NWACHUKWU,
    Plaintiff,

v.                                                         CIVIL ACTION NO. 16-11815-MPK

VINFEN CORPORATION,
    Defendant.

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS COMPLAINT (#33).

KELLEY, U.S.M.J.

I. Introduction.

Plaintiff Solomon Nwachukwu brings this employment discrimination lawsuit against defendant Vinfen Corporation, alleging he was fired because of his race, color, and national origin. *See* #26 ¶¶ 5, 14, 16. During the pendency of this case, plaintiff has filed for bankruptcy twice, and did not initially disclose this lawsuit in either filing. As a result, defendant filed a motion to dismiss this case on the grounds of judicial estoppel and lack of standing. (#33.)[1] After defendant moved to dismiss, plaintiff amended his bankruptcy schedule to include this lawsuit as a potential asset. The bankruptcy court accepted the belated disclosure. Judicial estoppel does not apply to the present facts, and defendant's motion to dismiss on the grounds of judicial estoppel

---

[1] Plaintiff filed an opposition to defendant's motion to dismiss (##38, 39) and defendant replied (#43).

1

is denied. Questions regarding plaintiff's standing remain, therefore defendant's motion on these grounds is denied without prejudice and the bankruptcy trustee is given time to appear.

II. Factual Background.

Plaintiff worked as a Nurse Coordinator for defendant from March 2010 to March 2011. (#26 ¶¶ 5, 14.) After his termination, plaintiff filed an MCAD complaint. *Id.* ¶ 4. Plaintiff filed his first complaint in this employment discrimination action pro se in Massachusetts state court on May 10, 2016, and defendant removed it to this court on September 6, 2016. (#1.) Now represented by counsel, plaintiff amended his complaint in this case on January 16, 2017. (#26.) Plaintiff alleges in Counts I-III of his amended complaint that the termination of his employment violated Title VII of the Civil Rights Act of 1964 because plaintiff was fired due to his race, color and national origin (#26 ¶ 16), there was a hostile work environment, *id.* ¶ 20, and plaintiff did not receive compensation and other related reimbursements for his work, *id.* ¶ 24.

Plaintiff submitted a petition for bankruptcy, pro se, on May 8, 2017, which was dismissed by the bankruptcy court. Order of Dismissal (#42), *In Re Solomon C. Nwachukwu*, No. 17-11700-FJB (Bankr. D. Mass June 21, 2017.).[2] Plaintiff filed a second voluntary bankruptcy petition in August 2017, represented by counsel, in a case that is still pending. Chapter 13 Petition (#1), *In Re Solomon Nwachukwu*, No. 17-12868-FJB (Bankr. D. Mass Aug. 1, 2017).[3] It is undisputed that plaintiff did not initially disclose the employment discrimination matter, as required, in either bankruptcy filing.

---

[2] The court may take judicial notice of actions in the bankruptcy court. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

[3] The bankruptcy case is still pending as of the date of this opinion, however the Trustee moved to dismiss the case on March 6, 2018. *Id.* #62. If the bankruptcy case is dismissed, the property right in the lawsuit returns to plaintiff unless otherwise ordered. *See* 11 U.S.C.A. § 349(b)(3).

Defendant moved to dismiss this case, based on arguments arising out of plaintiff's bankruptcy filings, on September 21, 2017. (##33, 34.) After receiving the motion to dismiss, plaintiff amended his bankruptcy schedule A/B and his statement of financial affairs with the bankruptcy court on October 20, 2017. *See* ##29, 31 *In Re Solomon Nwachukwu*, No. 17-12868-FJB. No objection by the trustee to plaintiff's having filed an amended Schedule A/B is reflected on the bankruptcy court docket. A meeting of creditors was held on October 24, 2017. *Id.* #61 at 1. On October 25, 2017, the bankruptcy trustee objected to confirmation of plaintiff's Chapter 13 bankruptcy plan, stating in pertinent part:

> On October 20, 2017, the Debtor filed an Amended Schedule B. On line #34, the Debtor lists a possible employment discrimination and termination claim against a former employer for an unknown amount. There is no provision in the Plan that states any nonexempt proceeds will be paid to the unsecured creditors. The Plan does not satisfy the best interest of creditors test set forth in 11 U.S.C. sec 1325(a)(4).

*Id.* #32 at 1. The trustee repeated the objection in her March 6, 2018 Objection to Confirmation of Debtor's Amended Chapter 13 Plan, stating again that plaintiff's proposed bankruptcy plan did not include a provision for "any non-exempt proceeds" from the "employment discrimination and termination claim" to "be paid to the unsecured creditors" and adding that "[t]he Liquidation Analysis fails to list the potential employment discrimination claim and fails to state that non-exempt proceeds will be turned over to the Trustee for payment to creditors." *Id.* #61 at 1, 2. The trustee moved to dismiss the case on the same date. *Id.* #62.

### III. Legal Standards.

#### A. Judicial Estoppel.

Defendant does not bring this motion to dismiss under any particular rule. *See* ##33, 34. The equitable doctrine of judicial estoppel is generally considered an affirmative defense. *See Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir.

1993); *see also Sutliffe v. Epping Sch. Dist.,* 627 F. Supp. 2d 41, 44 (D.N.H. 2008), *aff'd*, 584 F.3d 314 (1st Cir. 2009) ("Although res judicata, collateral and judicial estoppel, and the statute of limitations are affirmative defenses, they may be adjudicated on a motion to dismiss under Rule 12(b)(6).") (footnote and citations omitted). Affirmative defenses may form the bases for motions to dismiss. *Greene v. Rhode Island*, 398 F.3d 45, 48–49 (1st Cir. 2005); *see also Payless Wholesale*, 989 F.2d at 571 ("The court should have recognized the defense of judicial estoppel and dismissed the complaint at the outset."). The 12(b)(6) standard for failure to state a claim upon which relief can be granted applies to motions to dismiss on the basis of affirmative defenses. *Sutliffe*, 627 F. Supp. 2d at 44:

> Consistent with Rule 12(b)(6) standards, however, dismissal can occur only when facts that "conclusively establish the affirmative defense" are "definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, or other matters of which the court may take judicial notice," including the records of prior judicial proceedings.

(quoting *In re Colonial Mtg. Bankers Corp*, 324 F.3d 12, 16 (1st Cir. 2003)); *see also Greene*, 398 F.3d 45 at 48–49 (describing same standard). The court must, therefore, determine whether facts establishing judicial estoppel may be gleaned from the complaint and records of the bankruptcy court.

B. <u>Standing.</u>

A motion to dismiss based on lack of standing may be evaluated under 12(b)(1) if it relates to constitutional Article III standing, or 12(b)(6) if it relates to prudential/statutory standing. *See Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 456 (D. Mass. 2011), *aff'd*, 672 F.3d 64 (1st Cir. 2012):

> "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n. 2 (5th Cir. 2011). *See also Maio v. Aetna, Inc.*, 221

4

F.3d 472, 482 n. 7 (3d Cir. 2000) ("Generally speaking, motions to dismiss on the grounds of a failure to allege an 'injury in fact' implicate constitutional standing principles and thus are predicated on Rule 12(b)(1) rather than Rule 12(b)(6).").

However, courts are not uniform in drawing such distinctions. *See, e.g.*, *McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 67 (1st Cir. 2003) (evaluating constitutional and prudential standing under Rule 12(b)(6)); *see also Puerto Rico Diary Farmers Ass'n v. Pagan,* 35 F. Supp. 3d 210, 215, n.12 (D. P.R. 2014) (evaluating lack of standing under Rule 12(b)(6) while citing constitutional and prudential requirements).

Here, defendant does not argue that plaintiff suffered no cognizable injury, but rather that "Plaintiff no longer has standing to proceed as the 'cause of action' in this case belongs to the bankruptcy trustee in Petition #17-12868." (#34 at 9.) Therefore, the motion would most properly be considered under 12(b)(6). The issue is not critical, however, because "the same standard applies to both subsections" 12(b)(1) and 12(b)(6). *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011) (citation omitted). Under 12(b)(1) and 12(b)(6), "'the court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff.'" *Gonzalez v. Ritz Carlton Hotel Co. of Puerto Rico*, 241 F. Supp. 2d 142, 144 (D.P.R. 2003) (quoting *Freiburger v. Emery Air Charter, Inc.*, 795 F. Supp. 253, 257 (N.D. Ill., 1992)) (additional citation omitted).

IV. Discussion.

A. Judicial Estoppel Does Not Apply.

"The equitable doctrine of judicial estoppel is ordinarily applied to 'prevent[ ] a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding.'" *Guay v. Burack*, 677 F.3d

10, 16 (1st Cir. 2012) (quoting *Alternative Sys. Concepts v. Synopsis*, 374 F.3d 23, 32–33 (1st Cir. 2004)). Judicial estoppel is meant to "protect the integrity of the judicial process" and "prevent improper use of judicial machinery." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (internal quotations and citations omitted). It is an "equitable doctrine invoked by a court at its discretion." *Id*. at 750 (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

> The First Circuit has utilized a two-prong test to apply judicial estoppel:
>
> "First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive." *Alternative Sys. Concepts*, 374 F.3d at 33. "Second, the responsible party must have succeeded in persuading a court to accept its prior position." *Id.*

*Guay*, 677 F.3d at 16.[4] A good faith exception to judicial estoppel has been identified by, but not invoked by, the First Circuit. *See id.* at 20, n.7 ("[D]eliberate dishonesty is not a prerequisite to the application of judicial estoppel. . . .") (citation omitted); *Graupner v. Town of Brookfield*, 450 F. Supp. 2d 119, 128 (D. Mass. 2006) (discussing applicability of good faith exception in the First Circuit).[5] Plaintiff does not meet either prong, so judicial estoppel does not apply.

---

[4] Unfair advantage may also be considered:

> There is also a third oft-considered factor that asks "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751, 121 S.Ct. 1808. We generally have not required a showing of unfair advantage. . . . . Where unfair advantage exists, however, it is a powerful factor in favor of applying the doctrine.

*Id.* at 16–17 (internal citations and citation omitted). In this case, plaintiff would not receive an unfair advantage if the case is not dismissed on the basis of judicial estoppel because of his (belated) disclosure in bankruptcy and this court's decision regarding standing. Allowing the case to proceed imposes no unfair detriment to the defendant; rather, dismissing the case arguably provides defendant with an unfair advantage.

[5] Because no good faith exception applies, plaintiff's focus in his opposition to the motion to dismiss (##38, 39), on whether his failure to disclose his civil claims to the bankruptcy court was intentional, is misplaced.

In this case, plaintiff originally put forth a different position in his bankruptcy actions than he has put forth in this case by failing to reveal his employment discrimination claims in his bankruptcy actions. However, plaintiff has since amended his bankruptcy filings to describe the pending case. *See* ##29, 31 *In Re Solomon Nwachukwu*, No. 17-12868-FJB (Oct. 20, 2017).[6] The bankruptcy trustee has recognized this lawsuit as a potential asset in the objections she filed to plaintiff's proposed Chapter 13 plans. *Id.* ## 32, 61. Therefore, there is currently no inconsistent position advanced by plaintiff. However, even if there were an inconsistent position advanced by plaintiff, there was no prior success using an inconsistent position.

Judicial estoppel requires that a party successfully asserted the inconsistent position in the earlier matter, which plaintiff here did not. "Judicial estoppel is not implicated unless the first forum accepted the legal or factual assertion alleged to be at odds with the position advanced in the current forum. . . ." *Gens v. Resolution Trust Corp.*, 112 F.3d 569, 572 (1st Cir. 1997). If a debtor obtains relief, which could include discharging the bankruptcy, that is an indication the bankruptcy court has accepted the position the debtor took in their bankruptcy schedules. *Guay*, 677 F.3d at 18 (affirming dismissal of plaintiff's claim based on judicial estoppel where plaintiff did not amend bankruptcy schedule before discharge). Here, Plaintiff's second bankruptcy case is still pending, and now plaintiff has disclosed this civil action to the bankruptcy court. There has been no discharge, and therefore no "success" using the prior inconsistent position. Rather, the bankruptcy trustee accepted plaintiff's belated disclosure, as recognized in her objections to the Chapter 13 plans.

---

[6] Rule 1009 (a) of the Federal Rules of Bankruptcy Procedure permits amendments to a bankruptcy schedule.

This case is like *Vidal v. Doral Bank Corp.*, 363 F. Supp. 2d 19, 21 (D. P.R. 2005). In *Vidal*, plaintiff initiated a lawsuit for age discrimination, and then filed for bankruptcy without revealing the discrimination lawsuit to the bankruptcy court. The defendant responded by filing a motion to dismiss on the grounds of judicial estoppel and lack of standing. *Id.* After receiving the motion to dismiss, plaintiff amended her bankruptcy schedule to include the lawsuit. *Id.* The court denied the defendant's motion to dismiss based on judicial estoppel, given that the plaintiff amended her bankruptcy schedule to list the lawsuit as an asset apparently before her bankruptcy case closed. *Id.* at 22 ("Accordingly the court will not dismiss the claim on judicial estoppel grounds given that Vidal [the plaintiff], in filing her amended schedule, *is no longer* "asserting a position in one legal proceeding which is contrary to a position it has already asserted in another.") (alteration in original) (quoting *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir. 1987). Like the plaintiff in *Vidal*, plaintiff in this case no longer takes inconsistent positions, and has not had success using a prior inconsistent position. Therefore, judicial estoppel does not apply. Defendant's motion to dismiss on this basis is denied.

## B. Plaintiff's Standing Is Uncertain.

Defendant argues plaintiff lacks standing to continue this employment discrimination lawsuit, because it is an asset of the bankruptcy estate for only the bankruptcy trustee to pursue. (#34 at 9-10.) Viewing plaintiff's allegations and the public record in the light most favorable to plaintiff, it may be inferred that the bankruptcy trustee has conferred standing on plaintiff to pursue his claim by acknowledging the lawsuit and objecting to the fact that its potential proceeds have not been included in the proposed Chapter 13 plans. *See* ##32, 61 *In Re Solomon Nwachukwu*, No. 17-12868-FJB. According to plaintiff, at the 341 meeting with the bankruptcy trustee on October 24, 2017, plaintiff testified that his actions were not intentional as he did not

8

believe his employment discrimination case was an asset, and the bankruptcy trustee stated she could not be the party to pursue the employment discrimination case. (#38-B ¶¶ 11, 12, 14).[7] Nonetheless, a clearer statement of the trustee's intent is required. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 123 (2nd Cir. 2008) (finding trustee had not shown a "clear and unequivocal" intent to abandon property, and that therefore it had not been abandoned).

1. The Claim is an Asset of the Bankruptcy.

"As a general rule, a debtor's claims that have accrued as of the date the bankruptcy case commences become property of the bankruptcy estate." *Graupner v. Town of Brookfield*, 450 F. Supp. 2d 119, 121 (D. Mass. 2006) (citing 11 U.S.C. § 541(a)(1)) (additional citations omitted). If the debtor acquires additional interests or assets during the bankruptcy proceedings, those become part of the bankruptcy estate as well. 11 U.S.C.A. § 541(a)(7). "The debtor is responsible for disclosing all assets to the bankruptcy court, including all contingent claims." *Graupner*, 450 F. Supp. 2d at 124 (citing 11 U.S.C. § 521(a)(1)) (additional citations omitted). Plaintiff has amended his bankruptcy schedule A/B and his statement of financial affairs to include the pending lawsuit. *See* ##29, 31 *In Re Solomon Nwachukwu*, No. 17-12868-FJB. The employment discrimination lawsuit is considered an asset of the bankruptcy estate, as it would have been even if plaintiff had not amended his bankruptcy filings.

---

[7] Although affidavits are not typically considered as part of a motion to dismiss, they can be considered when evaluating standing. *See, e.g.*, *McInnis-Misenor*, 319 F.3d at 67 ("Normally on a Rule 12(b)(6) motion to dismiss, only the complaint is reviewed. However, where standing is at issue, it is within the trial court's power to allow or to require the plaintiff to provide by affidavit or amended complaint further particularized allegations of fact deemed supportive of plaintiff's standing.") (internal quotations and citation omitted).

## 2. The Bankruptcy Trustee Has Standing To Protect Bankruptcy Assets.

The bankruptcy trustee is considered the "real party in interest" with standing to pursue legal claims that are property of the bankruptcy estate. *Vidal*, 363 F. Supp. 2d at 22 ("Courts have held that a Trustee is the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate.") (citations omitted). The bankruptcy trustee may choose to abandon property of the bankruptcy estate expressly that is "burdensome" or "of inconsequential value and benefit." 11 U.S.C.A. § 554(a). An asset listed on the bankruptcy schedules, but "not otherwise administered at the time of the closing of a case is abandoned to the debtor. . . ." 11 U.S.C.A. § 554(c). Here, there has been no explicit or by-law abandonment, and therefore the bankruptcy trustee has standing to pursue the employment discrimination lawsuit.

Under Rule 17(a), the bankruptcy trustee could substitute herself for plaintiff as the real party in interest, or allow plaintiff to pursue the case himself through ratification. "[S]ome courts have allowed the real party in interest to 'ratify' the commencement of the action in order 'to validate an arrangement by which the real party in interest authorizes the continuation of an action brought by another and agrees to be bound by its result, thereby eliminating any risk of multiple liability.'" *GE HFS Holdings, Inc. v. Nat'l Union Fire Ins. Co.*, 2008 WL 2246673, at *5 (D. Mass. May 29, 2008) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1555 at 418 (2d ed. 1990)) (additional citations omitted).[8]

---

[8] In *GE HFS Holdings*, a debtor filed for bankruptcy, but did not reveal a pending legal claim to the bankruptcy court. *Id.* at *5. After obtaining discharge in the bankruptcy case, the debtor and bankruptcy trustee crafted a written agreement to allow the debtor to pursue the prior pending legal claim, with 25% of any recovery to go to the bankruptcy estate and the remaining 75% of any recovery to go the debtor. *Id.* at *2-3. The court found this written agreement constituted a ratification by the bankruptcy trustee under Rule 17(a), thereby allowing the debtor to continue with the case in place of the bankruptcy trustee. *Id*. at *5.

As stated above, the trustee may have implied, though various filings in the bankruptcy case, that she is allowing the plaintiff to pursue the case. Nonetheless, a definitive statement from the bankruptcy trustee is required before the court can determine whether or not dismissal is proper. This is similar to *Graupner*, where Graupner did not list a pending civil claim when he and his wife filed for bankruptcy. 450 F. Supp. 2d at 121. The bankruptcy case was subsequently discharged due to a lack of assets. *Id.* Defendants moved for summary judgment in Graupner's civil case, asserting, in part, that he lacked standing because he failed to disclose the asset to the bankruptcy court. *Id.* Graupner asked the bankruptcy court to reopen the bankruptcy case; however, once the reopening was granted, Graupner did not accurately describe his civil claims in his amended Schedule B. *Id.* at 123-26. As a result the district court determined that Graupner did not have standing to pursue the civil claims. *Id.* at 126. Yet, the court ruled dismissal of Graupner's claim was not the correct remedy. The court, citing *Vidal* and Rule 17(a), stayed the litigation for 60 days, "to allow for a reasonable time for the bankruptcy court to consider whether to reopen the case and, if so, whether to appoint a trustee, and for any such trustee to decide whether to pursue the claim as the real party in interest on behalf of the estate." *Id.* at 129. In the meantime, the motion for summary judgment was denied without prejudice.

Similarly, in *Vidal,* the court ruled that the bankruptcy trustee was the real party in interest with exclusive standing to pursue the civil case at issue. 363 F. Supp. 2d at 22. Nonetheless, under Rule 17(a), the court granted the bankruptcy trustee 45 days to determine whether to pursue the claim. *Id.* The motion to dismiss was denied, but the court stated that it would dismiss the case for lack of standing if the bankruptcy trustee did not make an appearance. *Id.* at 23.

This court will give the bankruptcy trustee 45 days to make a definitive statement whether she intends to 1) abandon Mr. Nwachukwu's claim in this litigation, thereby excluding it from the bankruptcy estate, 2) pursue the claim as the real party in interest, or 3) explicitly ratify plaintiff's ability to pursue the claim himself.

## V. Conclusion.

Defendant's motion to dismiss on the basis of judicial estoppel is DENIED. Although plaintiff did not initially reveal the pending employment discrimination lawsuit to the bankruptcy court, it has now been revealed to and accepted by the bankruptcy court. Moreover, plaintiff has not had his debts discharged in bankruptcy; he has not had success based on any inconsistent position.

Standing is less certain. The bankruptcy trustee retains exclusive standing to pursue the employment discrimination case. The court requires a "clear and unequivocal" indication as to the trustee's intentions regarding the employment discrimination lawsuit. The defendant's motion to dismiss on the basis of standing is DENIED without prejudice. The bankruptcy trustee will be given 45 days to respond, otherwise the case will be dismissed due to lack of standing. A copy of this opinion will be provided to the bankruptcy court.

/s/ Page Kelley
M. Page Kelley
March 21, 2018                                     United States Magistrate Judge